IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:25CR200 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| MOLLY DUNCAN, | ) | UNITED STATES OF AMERICA'S |
| | ) | MOTION FOR COMPETENCY |
| Defendant. | ) | HEARING AND EXAMINATION OF |
| | ) | DEFENDANT PURSUANT TO 18 U.S.C. |
| | ) | §§ 4241, 4247(b),(c) AND FOR INSANITY |
| | ) | EXAMINATION PURSUANT TO 18 |
| | ) | U.S.C. § 4242 |
| | ) | |
| | ) | |

Now comes the United States of America, by its counsel, Carol M. Skutnik, Acting United States Attorney, and Margaret A. Kane and Michelle M. Baeppler, Assistant U.S. Attorneys, and respectfully move this Court for a competency hearing and an Order requiring defendant, Molly Duncan, to undergo an independent competency examination and evaluation in order to determine her mental competency to stand trial and further to determine whether she was sane at the time of the alleged act.

The requested examination and evaluation should include a determination of (1) defendant's competency to stand trial, permitted at the Court's discretion under Fed. R. Crim. P. 12.2(c)(1)(A), with an accompanying report, and (2) an examination for sanity, required by Fed. R. Crim. P. 12.2(c)(1)(A) and (B), and pursuant to 18 U.S.C. § 4242, and an accompanying report.

This motion is based on the Defendant's filed notice that she intends to assert an insanity

1

defense pursuant to Fed. R. Crim. P. 12.2(a). (R. 29: Motion to Take Notice of Insanity Defense, PageID 97-98). Defense counsel further states in their notice that they intend to introduce expert evidence relating to the Defendant's mental disease or defect at trial on the issue of guilt and/or punishment. Defense counsel does not specify if they intend to retain their own expert to conduct this evaluation or offer this testimony or if they are requesting that the Court order that the Defendant be examined at a Bureau of Prisons facility.

Irrespective of defense counsel's intention relative to the retention of a defense expert, the Government moves this Court to Order that Defendant be evaluated by a Court appointed expert at a Bureau of Prisons while remaining in custody. Fed. R. Crim. P. 12.2(c)(1)(B) provides that "[i]f the defendant provides notice under Rule 12.2(a) (insanity), the court *must*, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242 (insanity). If the defendant provides notice under Rule 12.2(b) (expert evidence of mental disease or defect), the court *may*, upon the government's motion, order the defendant to be examined under procedures ordered by the court."[1] Fed. R. Crim. P. 12.2(c)(1)(B). The Sixth Circuit has authorized this procedure and allows the defendant to be examined under Fed. R. Crim. P. 12.2(a) and (c)(1)(B). United States v. Davis, 93 F.3d 1286 (6th Cir. 1996).

The Defendant has given notice, both that she intends to assert an insanity defense and that she intends to introduce expert evidence relating to a mental disease or defect. Since the Defendant has provided notice that she plans to assert an insanity defense, the court must order that the Defendant be examined to determine her sanity at the time of the offense pursuant to 18 U.S.C. §

---

[1] While the government recognizes that a competency evaluation is discretionary by statute, defense counsel has twice raised the issue of competency. First, at defendant's arraignment. Then again, in a formal pleading, that was ultimately withdrawn. It is the government's position that given that defendant's competency has been raised twice, that a hearing, examination and report for competency are in the best interest of all parties involved.

4242.  Fed. R. Crim. P. 12.2(c)(1)(B).

Fed. R. Crim. P. 12.2(c)(1)(A) also authorizes the Court to order that the defendant be evaluated for competency under 18 U.S.C. § 4241.  The Government respectfully submits that the Court should order this evaluation as well.  These separate determinations could likely be conducted by the same doctor at the same time to save judicial resources.

Additionally, 18 U.S.C. § 4241 permits the attorney for the Government to file a motion for a hearing to determine the mental competency of the defendant.  18 U.S.C. § 4241(a).  The Court shall grant the motion if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent and unable to understand the nature and consequences of the proceedings or to assist properly in their defense. Id.  The Defendant's motion regarding an insanity defense shows there is reasonable cause to believe that the Defendant may suffer from a mental disease or defect since the Defendant states she plans to introduce evidence "relating to her mental disease or defect." (R. 29: Motion to Take Notice of Insanity Defense, PageID 97).  Additionally, defense counsel filed a motion for psychiatric exam and a motion to have the Defendant evaluated by an independent psychologist on June 16, 2025, which were withdrawn without explanation.  (R. 25: Motion for Psychiatric Exam, PageID, R. 89-90; R. 26:  Motion to have Defendant Evaluation by Independent Psychologist PageID 91-92).  These filings show that there is reasonable cause to believe that the Defendant may be suffering from a mental disease or defect rendering her incompetent, making a competency evaluation necessary.

Thus, the Government respectfully submits it is entitled to a court-ordered mental health examination to determine defendant's sanity at the time of the offense under Fed. R. Crim. P. 12.2(c)(1)(B).  The Government further requests that this testing also include a mental health

3

examination to determine her competency to stand trial pursuant to 18 U.S.C. § 4241(a).

                                            Respectfully submitted,

                                            CAROL M. SKUTNIK
                                            Acting United States Attorney

By:  /s/ Margaret Kane
       Margaret Kane (OH: 0082084)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3624
       (216) 522-8355 (facsimile)
       Margaret.Kane@usdoj.gov